UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

JESSICA DRESSLER,

           Plaintiff,

v.

SHARKNINJA OPERATING LLC.,

       Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **JESSICA DRESSLER** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **BRODEUR-MCGAN, P.C.** hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA OPERATING LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Professional Plus Blender."

2.      Defendant SharkaNinja Operating LLC manufactures, markets, imports, distributes and sell a wide range of consumer products, including the subject "Ninja Professional Plus Blender," which specifically includes the Model BN770 (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.      On or about April 7, 2023, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

4.      The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

5.      As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINITFF JESSICA DRESSLER**

6.      Plaintiff is a resident of the City of Lynchburg, County of Lynchburg City, State of Virginia and remains domiciled in the same.

7.      On or about April 7, 2023, Plaintiff was using the blender designed, manufactured, marketed, imported, distributed and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of blending and cooking. While pouring the contents out of the blender, Plaintiff sustained laceration injuries as the direct and proximate result of the blender's blade assembly detaching from the blade base during the normal, intended use of the blender. The incident occurred as the result of the Ninja blenders'' defect(s), namely, the Ninja blender's use of an unsecured blade assembly.

**DEFENDANT SHARKNINJA OPERATING, LLC**

8.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

9.    SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Inc

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant is a resident and citizen of this District.

3

**FACTUAL BACKGROUND**

12.     Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13.     Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14.     To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place.  Next the user takes the blade assembly and places it onto the gear shaft.  Once the user has added the desired ingredients, the lid is place on top of the pitcher and locked into place.



*See*, Ninja BL770 Owner's Manual, p. 12.
A copy of the Owner's Manual is attached hereto as Exhibit A.

15.     Unlike the pitcher and pitcher lid, the blade assembly does not lock into place and is not otherwise secured to the gear shaft.  Instead, the blade assembly sits "loosely onto the drive gear."[1]

---

[1] *See* BL642 30 Owner's Manual, p. 12.

16.    As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

17.    Defendant SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

18.    According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

19.    Despite its knowledge of this defect, Defendant SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the BL770 blender involved in this case.

20.    The Ninja blenders have been designed and manufactured such that consumers cannot safely use them in the intended manner without risk of physical injury.

21.    By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

22.    Plaintiff used his Ninja blender for its intended purpose of preparing meals and drinks for herself and/or family and did so in a manner that was reasonable and foreseeable by Defendant.

23.    However, the aforementioned Ninja blender was defectively designed and manufactured

---

[2] *See* the CPSC Recall Notice from November 12, 2015 (https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B."

[3] *Id*.

by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

24.    Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

25.    Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

26.    As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

27.    Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT I
### NEGLIGENCE

28.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

29.    Defendant had a duty of reasonable care to design, manufacture, market, and sell non-

defective Blenders that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

30.     Defendants failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Blenders in that Defendants knew or should have known that said Blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

31.     Defendants were negligent in the design, packaging, manufacture, advertising, warning, marketing and sale of its blenders in that, among other things, they:

    a. Failed to use due care in designing and manufacturing the blenders to avoid the aforementioned risks to individuals;

    b. Failed to warn consumers of the blade assembly and its packaging, despite ample notice that the aforementioned injuries have and do occur;

    c. Placed an unsafe product into the stream of commerce; and

    d. Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

32.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33.     Defendants manufactured, supplied, and sold the Blenders with an implied warranty that they were fit for the particular purpose of blending quickly, efficiently and safely.

34.     Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

35. Defendants' Blenders were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

36. The Plaintiff in this case reasonably relied on Defendant's representations that its Blenders were a quick, effective and safe means of cooking.

37. Defendants' breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. At the time Defendant marketed, distributed and sold its blenders to the Plaintiff in this case, Defendant warranted that its blenders were merchantable and fit for the ordinary purposes for which they were intended.

40. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

41. Defendant's blenders were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

42. Plaintiff purchased her blender with the reasonable expectation that it was properly packaged, designed and manufactured, free from defects of any kind, and that they were safe for

its intended, foreseeable use of blending.

43.    Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## INJURIES & DAMAGES

44.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

45.     As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendants in an amount to be proven at trial.

46.     As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant's for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.    That Plaintiff has a trial by jury on all of the claims and issues;

B.    That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.    That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant's defective blender;

D.    That all costs be taxed against Defendant;

E.    That prejudgment interest be awarded according to proof; and

F.    That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

The Plaintiff,
By Her Attorneys

**BRODEUR-MCGAN, P.C.**

Dated: April 3, 2025

 */s/ Lisa Brodeur-McGan*
Lisa Brodeur-McGan (BBO# 556755)
Brodeur-McGan, P.C.
815 North Road
Westfield, MA  01085
(413) 735-1775; Fax: (413) 735-1772
lbm@brodeurmcgan.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com

***Attorneys for Plaintiff***

11